

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

February 15, 1974

The Honorable Wilson E. Speir
    Director
Texas Department of Public Safety
Box 4087
Austin, Texas 78773

Opinion No. H- 231

Re: Whether deposition in court proceeding is subject to limitation of Open Records Act.

Dear Colonel Speir:

The head of the Personnel Department of the Department of Public Safety has been served by the defendant in a civil suit with a subpoena to give a deposition on written questions concerning the employment records of an individual who is plaintiff in the suit. The Department of Public Safety is not a party to the suit.

Your letter requesting our advice as to whether the entire personnel record of your employee should be produced in answer to the questions cites § 3(a)(2) of Article 6252-17a, Vernon's Texas Civil Statutes, the Open Records Law. That subsection excepts from mandatory disclosure <u>under the Act</u> certain information in personnel files.

The request for the information, however, was not made under the Open Records Act. Rather, it was made pursuant to the Texas Rules of Civil Procedure having to do with depositions (Rules 189 to 198). Rule 177a, authorizing a subpoena duces tecum, authorizes the court in which the action is pending to quash or modify the subpoena if it is unreasonable or oppressive.

Rule 186b authorizes the same court to enter a protective order limiting the scope of examination on a deposition on motion of a party or the deponent. Thus, if your department or the subject employee feels that the deposition and subpoena are reaching matters which are confidential and should not be revealed under compulsion, the Rules furnish the remedy and the Open Records Act does

not authorize this office to issue any sort of directive that you should or should not obey the subpoena.

We therefore advise you that, in determining how and to what extent a subpoena issued in a civil case should be obeyed, resort should be had to the protective devices provided by the Rules of Civil Procedure. The Open Records Act, Article 6252-17a, V. T. C. S. , does not apply to the situation.

## SUMMARY

The Open Records Act and its exceptions have no bearing upon the scope of the testimony of a witness taken in a civil proceeding pursuant to a notice and subpoena issued under the Rules of Civil Procedure.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY P. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee